IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>HUTCHESON, et al.,<br><br>    Defendants. | No. 2:20-CV-0077-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint (ECF No. 1).

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Hutcheson, Property Sergeant at High Desert State Prison (HDSP); (2) Matthews, Unit Housing Officer at HDSP; (3) Spearman, the Warden at HDSP; and (4) Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitation (CDCR). See ECF No. 1., pgs. 1-2. Plaintiff states that, on March 28, 2019, he was escorted to receive his legal paperwork and other property. See id. at 3. According to plaintiff, defendant Hutcheson was the property officer. See id. Plaintiff claims he was placed in a small room with his four boxes of property. See id. Plaintiff states that two of the boxes had been opened and his jar of coffee "was poured over every thing on both boxes and I knew that wasn't by accident. . . ." Id. Plaintiff adds that, upon searching through his property, he realized some items were missing, in particular a movie manuscript he was writing. See id. at 4. Plaintiff describes other missing and/or damaged property. See id. Plaintiff also states he saw evidence that "rodents were eating through a lot of my soups." Id.

Plaintiff states he asked defendant Hutcheson about the problems with his property boxes. See id. In particular, plaintiff inquired about a missing book and fan. See id. According to plaintiff: "Hutcheson gave me a cold stare and stated. . . 'I didn't see no fan and I didn't take your book.'" Id. Plaintiff adds: "I knew at that point that it was he [Hutcheson] that disrespected me by taking my book, fan, and pouring coffee over my property. . . ." Id. Plaintiff asserts that defendant Hutcheson acted in retaliation for plaintiff having filed an inmate grievance against him. See id. According to plaintiff, defendant Hutcheson was ". . .showing me that is what you get for writing me [Hutcheson] up." Id.

///

2

## II. DISCUSSION

In this case, the Court finds that plaintiff's complaint states facts which appear to be sufficient to sustain a First Amendment claim against defendant Hutcheson based on retaliation. The Court however, finds that plaintiff's complaint fails to state any claims upon which relief can be granted as to the remaining defendants. Finally, plaintiff cannot state any cognizable due process claim arising from lost of or damage to his property.

### A.    **Retaliation – Defendant Hutcheson**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly

stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element.  Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

In this case, plaintiff sufficiently alleges the elements of a retaliation claim – that he filed a grievance against Hutcheson, which is a constitutionally protected activity under the First Amendment, and that he suffered adverse action as a consequence when Hutcheson damaged and/or destroyed his property.

### B. Causal Link – Defendant Matthews

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, plaintiff names Matthews as a defendant, but asserts no facts specific to this individual.  Plaintiff will be provided an opportunity to amend.

### C. Supervisor Liability – Defendants Spearman and Diaz

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

1  Supreme Court has rejected the notion that a supervisory defendant can be liable based on
2  knowledge and acquiescence in a subordinate's unconstitutional conduct because government
3  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct
4  and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory
5  personnel who implement a policy so deficient that the policy itself is a repudiation of
6  constitutional rights and the moving force behind a constitutional violation may, however, be
7  liable even where such personnel do not overtly participate in the offensive act.  See Redman v.
8  Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

9  When a defendant holds a supervisory position, the causal link between such
10  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.
11  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
12  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in
13  civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the
15  official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

16  In this case, plaintiff names two supervisory defendants – Spearman, the prison
17  warden, and Diaz, the Secretary of the CDCR.  Plaintiff has not, however, alleged facts to show
18  how either Spearman or Diaz personally acted to violate plaintiff's constitutional rights.  Rather,
19  it appears plaintiff is suing Spearman and Diaz under a respondeat superior liability, which is not
20  cognizable in a federal civil rights action under § 1983.  Plaintiff will be provided an opportunity
21  to amend.

22  **D.   Property Loss and/or Damage**

23  Where a prisoner alleges the deprivation of a liberty or property interest caused by
24  the random and unauthorized action of a prison official, there is no claim cognizable under 42
25  U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch,
26  494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-
27  deprivation remedy may be adequate even though it does not provide relief identical to that
28  available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred,

however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available. See Zinermon, 494 U.S. at 136-39. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

Here, defendant Hutcheson's alleged conduct was not foreseeable and the availability of adequate post-deprivation remedies bars any due process claim related to the loss and/or destruction of plaintiff's property.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///

///

1       Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
2 complaint within 30 days of the date of service of this order.

7 Dated: June 5, 2020

                                         DENNIS M. COTA
                                         UNITED STATES MAGISTRATE JUDGE