# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ANGELO DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>R. HUTCHESON,<br><br>    Defendant. | No. 2:20-CV-0077-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendant's motion, ECF No. 35, for leave to amend their answer.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of

1

judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, Defendant filed his original answer on October 4, 2021.  Because the current motion to amend was filed more than 21 days after this date, leave of court is required to amend the answer.  Considering the factors above, the Court finds that leave to amend is appropriate.  Defendant seeks leave to amend his answer to allege the affirmative defense of failure to exhaust administrative remedies prior to filing suit.  There is thus a reasonable relationship between the original answer and proposed amendment.  Allowing amendment also served judicial economy to the extent an early summary judgment motion on the issue of exhaustion could result in a speedier resolution of the entire action.  Further, there does not appear to be an unreasonable delay given defense counsel's declaration indicating that he only recently discovered documents which would support the defense of lack of exhaustion.  Leave to amend will not delay a trial on the merits, should the case proceed that far, because the Court's scheduling order, issued following filing of the original answer, will not be modified.  Finally, Plaintiff will not be prejudiced by allowing an amended answer.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for leave to amend his answer, ECF No. 35, is granted;

2. The Clerk of the Court shall file the proposed amended answer at ECF No. 35, pgs. 8-12, and mail a copy to Plaintiff; and

3. The April 25, 2022, scheduling order remains in effect.

Dated:  August 16, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE